#### UNITED STATES DISTRICT COURT
#### MIDDLE DISTRICT OF FLORIDA
#### ORLANDO DIVISION

MICHAEL IVAN NAVARRO,

       Plaintiff,

v.                                       Case No:   6:24-cv-1359-CEM-LHP

PELONKEY INC.,

       Defendant

---

#### ORDER

This cause came on for consideration without oral argument on the following motions filed herein:

> **MOTION:** DEFENDANT PELONKEY, INC'S SECOND AMENDED OPPOSED MOTION FOR LEAVE TO FILE RESPONSE TO COMPLAINT (Doc. No. 23)
>
> **FILED:** November 21, 2024
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**.

> **MOTION:** DEFENDANT'S OPPOSED MOTION TO STRIKE PLAINTIFF'S WAIVER OF SERVICE AS NONCOMPLIANT WITH RULE 4(D) AND UNTIMELY (Doc. No. 21)
>
> **FILED:** November 19, 2024

> **THEREON** it is **ORDERED** that the motion is **DENIED**.

Plaintiff Michael Ivan Navarro initiated this breach of contract case against Defendant Pelonkey Inc. on July 23, 2024. Doc. No. 1. Plaintiff served a waiver of service on August 30, 2024, and Defendant, through counsel, executed the waiver of service on October 8, 2024. Doc. No. 13. Thus, Defendant's time to respond to the complaint expired on October 29, 2024. *See id.*; Fed. R. Civ. P. 4(d)(3). Defendant's counsel appeared in this case on October 8, 2024. Doc. Nos. 11, 14; Local Rule 2.02(b)(1). But Defendant did not file a response to the complaint by the October 29, 2024 deadline. Plaintiff twice moved for Clerk's default, but both motions were denied without prejudice for failure to comply with the Local Rules. Doc. Nos. 15–18. And since then, Defendant has filed the above-styled motions, seeking (1) to file an out-of-time response to the complaint (Doc. No. 23), and (2) to strike the waiver of service (Doc. No. 21). Plaintiff responds in opposition to both. Doc. Nos. 24–25.

As to the request to file an out-of-time response to the complaint, Defendant asserts good cause and excusable neglect, that the service waiver was ineffective, and that it has meritorious defenses to the complaint. Doc. No. 23. Plaintiff opposes for several reasons, to include that Defendant has been dilatory, Defendant

- 2 -

failed to comply with the Local Rules, and Defendant fails to establish good cause or excusable neglect.   Doc. No. 25.

Upon review, the Court finds allowing an out-of-time response appropriate. While the Court does not accept Defendant's contention that the service waiver was somehow invalid (particularly where counsel executed it even in light of these alleged deficiencies), and the question of excusable neglect presents a close call, *see* Fed. R. Civ. P. 6(b)(1)(B), the Court does find that the considerations regarding imposition of default as an alternative weigh in favor of permitting Defendant to respond.   *Cf. Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996) (stating that courts consider, in setting aside default, non-exclusive factors: (1) whether the default was culpable or willful; (2) whether setting the default aside would prejudice the opposing party; (3) whether the defaulting party presents a meritorious defense; (4) whether there was significant financial loss to the defaulting party; and (5) whether the defaulting party acted promptly to correct the default).   Specifically, Defendant has appeared in this case through counsel and conveyed an intent to defend, there has been only a brief delay since Defendant's response was due, and despite Plaintiff's opposition, the Court discerns no prejudice in allowing Defendant to respond (nor has Plaintiff argued any, *see* Doc. No. 25).   Notably, the Eleventh Circuit has repeatedly held that there is a strong policy in favor of resolving cases on the merits and that

defaults are viewed with disfavor.  *See In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003); *see also Fla. Physician's Ins. Co. v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993) ("We note that defaults are seen with disfavor because of the strong policy of determining cases on their merits." (citing *Gulf Coast Fans, Inc. v. Midwest Elecs. Importers, Inc.*, 740 F.2d 1499, 1510 (11th Cir. 1984))).

Regarding Defendant's second request to strike the waiver of service (Doc. No. 21), however, such request will be denied.  As Plaintiff argues, this filing fails to comply with Local Rule 1.08, and besides citation to Rule 4, does not include a memorandum of legal authority as required by Local Rule 3.01(a), despite prior admonishments to Defendant.  *See* Doc. No. 14, at 1 n.1; Doc. No. 22, at 2.  Moreover, a ruling on this issue appears unnecessary because the Court will grant Defendant an extension of time to respond to the complaint.

Accordingly, it is **ORDERED** that Defendant shall file a response to the complaint (Doc. No. 1) within **seven (7) days** of the date of this Order.  **Failure to do so will result in the entry of default without further notice.**

It is further **ORDERED** that the parties shall file their Case Management Report within **seven (7) days** of the date of this Order.  Local Rule 3.02.  **Failure to do so may result in the imposition of sanctions without further notice.**  *See also* **Doc. No. 4.**

These deadlines will not be further extended absent a showing of truly exigent circumstances. **The Court reminds the parties and their counsel of the obligation to engage in civil and cooperative litigation.** *See* **Middle District Discovery (2021) § (I)(A).**

**DONE** and **ORDERED** in Orlando, Florida on December 9, 2024.

*Leslie Hoffman Price*
LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties