UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MICHAEL IVAN NAVARRO,

    Plaintiff,

v.      Case No: 6:24-cv-1359-CEM-LHP

PELONKEY INC.,

    Defendant

---

## ORDER

Before the Court is Plaintiff's Motion for Entry of Clerk's Default or Order of Court Directing the Clerk to Enter Default. Doc. No. 37. The motion is premised on Plaintiff's filing of an amended complaint on January 6, 2025, Doc. No. 31, and Defendant's failure to timely file an answer or response thereto. *Id.* Since the filing of the motion, Defendant has filed an answer to the amended complaint, Doc. No. 38, and a response in opposition to Plaintiff's motion for Clerk's default, Doc. No. 39. On review, and for the reasons that follow, Plaintiff's motion (Doc. No. 37) will be **DENIED**.

Defendant's substantive arguments against the motion are unpersuasive to say the least. Defendant provides no legal authority for its position that an amended pleadings deadline in the Case Management and Scheduling Order

("CMSO") somehow establishes a different deadline for responding to a filed amended complaint than the deadline set forth in the Federal Rules of Civil Procedure.  Doc. No. 39.  Rather, Defendant clearly misreads the CMSO, as the deadline Defendant references relates to future <u>motions</u> to amend pleadings, not actual pleadings filed or any response deadlines thereto.  *See* Doc. No. 33, at 1.  And Defendant's failure to meet its deadline for responding to the complaint under Federal Rule of Civil Procedure 15(a)(3), or to seek an extension of that deadline, cannot simply be overlooked by attacks on opposing counsel.  *See* Doc. No. 39.

That said, defaults are viewed with disfavor.  *See In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003); *see also Fla. Physician's Ins. Co. v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993) ("We note that defaults are seen with disfavor because of the strong policy of determining cases on their merits." (citing *Gulf Coast Fans, Inc. v. Midwest Elecs. Importers, Inc.*, 740 F.2d 1499, 1510 (11th Cir. 1984))).  And while Defendant's assertions of excusable neglect are questionable, Defendant's response does raise concerns with both parties' ability to comply with the Local Rules.  Doc. No. 39.  Given the strong policy of determining cases on their merits, the Court finds that the considerations regarding imposition of default as an alternative weigh in favor of permitting Defendant to respond to the amended complaint, particularly in the absence of any demonstrable prejudice to Plaintiff and in light of Defendant's intent to defend.  *See* Doc. Nos. 37, 38.  *Cf. Compania*

*Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996) (stating that courts consider, in setting aside default, non-exclusive factors: (1) whether the default was culpable or willful; (2) whether setting the default aside would prejudice the opposing party; (3) whether the defaulting party presents a meritorious defense; (4) whether there was significant financial loss to the defaulting party; and (5) whether the defaulting party acted promptly to correct the default).

Accordingly, Plaintiff's Motion for Entry of Clerk's Default or Order of Court Directing the Clerk to Enter Default (Doc. No. 37) is **DENIED**. The Court will accept Defendant's answer to the amended complaint (Doc. No. 38) as timely.

However, given the history of this case to date, the Court is beginning to have grave concerns about counsel for both sides' ability to comply with applicable Local Rules and Federal Rules of Civil Procedure, but most importantly, their apparently inability to litigate in a civil and cooperative manner. The Court reminds counsel of their obligations to litigate within the parameters of applicable rules and orders and to meaningfully confer so that attorney and judicial resources are not unnecessarily wasted. Further failures to comply with applicable rules and orders may result in sanctions against the offending party, its counsel, or both.

- 4 -

      **DONE** and **ORDERED** in Orlando, Florida on February 13, 2025.

_____
LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties